UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11773-GAO

DEBORAH POLITIS,
Plaintiff,

v.

GLAXOSMITHKLINE LLC,
Defendant.

ORDER ENFORCING SETTLEMENT AGREEMENT
February 6, 2014

O'TOOLE, D.J.

The plaintiff sued the defendant, her former employer, for disability discrimination under both the Americans with Disabilities Act and the similar Massachusetts statute. On June 19, 2012, the parties engaged in an extended mediation session conducted with the private mediation firm JAMS. At the end of the lengthy mediation, the parties reached the essential terms of a settlement and executed a three page "JAMS Settlement Agreement Term Sheet." The plaintiff had been present throughout the mediation, and before executing the term sheet, she had a lengthy private consultation with her lawyer.

The term sheet provided that the parties would later execute a more formal settlement agreement and release, and a form of that contemplated agreement was sent by the defendant's lawyer to the plaintiff's lawyer in early July. It had been delayed slightly by the plaintiff's request to give her time to discuss with a financial adviser precisely how the settlement proceeds should be allocated, apparently for tax planning purposes. The settlement agreement recited the same essential terms as the term sheet, including particularly the amount of the settlement to be

paid to the plaintiff and the plaintiff's agreement to give the defendant a release of claims and to dismiss this action with prejudice.

The plaintiff did not execute the settlement agreement and release. Instead, on August 20, 2012, her lawyer wrote to the defendant's lawyer advising that she would not execute the agreement. After further negotiations were unsuccessful, the defendant moved to enforce the settlement of the case in accordance with the term sheet signed by the parties on June 19, 2012.

The plaintiff's principal contention is that she did not genuinely assent to the term sheet because, as a result of her emotional state at the time it was signed, she lacked the capacity to effectively agree. Her evidence in support of this proposition is essentially limited to her own assertion. She proffers statements from two doctors in support, but their opinions are apparently based principally on her own statements to them, rather than any independent assessment of events by them, coupled with her manifest unhappiness after the fact. Even so, her statements to them could plausibly be understood as expressing a concern that she had agreed to something she thought afterward she shouldn't have agreed to.

In contrast, it appears undisputed that the mediation was presided over by a presumably experienced mediator, that the plaintiff was represented by counsel throughout, and that before signing (along with counsel) the term sheet, she had the opportunity for a lengthy private consultation with him. There is no evidence in what has been presented of any overreach or coercion. Her signature on the term sheet was an objective manifestation of assent to its terms, with the result that she should be held bound to those terms. See Sparrow v. Demonico, 960 N.E.2d 296, 301 (Mass. 2012) ("A settlement agreement is a contract and its enforceability is determined by applying general contract law.").

The term sheet was complete and specific enough to qualify as an enforceable agreement. The parties' commitment to sign a more formal settlement agreement and release does not vitiate the enforceability of the term sheet. The draft settlement agreement tracks the promises of the term sheet, only in more "lawyerly" language. It is a settled principle of the Massachusetts law of contracts that where the parties have demonstrated agreement to the material terms of a bargain, binding them to it is not affected by their contemplation that they will later execute a more "polished" version. See McCarthy v. Tobin, 706 N.E.2d 629, 632 (Mass. 1999), and cases there cited.

The plaintiff's reference to the Older Workers' Benefit Protection Act, 29 U.S.C. § 626(f), is beside the point. Those provisions by their terms relate only to claims made under the Age Discrimination in Employment Act. The plaintiff has not advanced a claim under that act. See American Airlines, Inc. v. Cardoza-Rodriquez, 133 F.3d 111, 121-22 (1st Cir. 2008). Ironically, she refused to sign the more formal settlement agreement, which would have given her as a matter of contract some OWBPA rights not in the term sheet that she did not have as a matter of statutory mandate. Having declined to sign the more formal agreement, she cannot claim that she contracted for those additional terms.

The defendant's motion to enforce the settlement reached between the parties as contained in the settlement term sheet dated June 19, 2012, is GRANTED, and the parties are directed to perform their respective obligations as set forth therein within thirty days of the entry of this order.

The defendant's request for an award of costs is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge